**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X          Chapter 13
IN RE:

Guy Cregar                                                                          Case No.: 1-15-44680

                      **Debtor(s)**                              **CHAPTER 13 PLAN**
-------------------------------------------------------------X

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the trustee for a total of 60 months, the sum of:

   $ __250__ commencing __November 1, 2015__ through and including __October 1, 2020__ for a period of __60__ months;

   $ _____ commencing _____ through and including _____ for a period of _ months.

2. From the payments so received, the trustee shall make disbursements as follows:
   (a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.
   (b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

   __Seterus__ (mortgage holder) to be paid pre-petition arrears in the sum of $11131.78__ plus _____0_____ % interest over the life of the plan.

   _____ (mortgage holder) to be paid pre-petition arrears in the sum of $_____ plus _____% interest over the life of the plan.

   (c) Subsequent and/ or concurrently with distribution to secured, priority, and administrative creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: **PRO RATA distribution to all timely filed proofs of claim of not less than 2%(percent).**

3. The Debtor shall make all post-petition payments, including but not limited to mortgage payments, vehicle, payments, real estate taxes and income taxes, outside the plan.

**JUNIOR MORTGAGE LIENS TO BE AVOIDED**

4. **Pursuant to 11 U.S.C. §502, 506(a), 506(d), 1322(b)(2), 1325 (a) and 1328(f) the debtor intends to avoid a mortgage lien on the debtor's primary residence located at _____ ("Property") held by _____ [Loan No.(Last four digits)_____] [Claim No. _____ filed on _____ in the amount of _____]. The debtor(s) are eligible to receive a discharge in this case, and the debtor(s) filed a motion pursuant to Bankruptcy Rule 3012 to value the junior mortgage lien held by_____, which was heard and determined by order dated _____ ("Rule 3012 Order"). In the Rule 3012 Order the Court found that the junior mortgage held by _____ is not secured by the Property because the amount of the senior mortgage(s) exceed the value of the Property, and the secured claim on the Property held by _____ shall be treated as a general unsecured creditor and paid in accordance with the terms of paragraph (c) above.**

**Upon entry of the Chapter 13 discharge, debtor(s) or debtor's counsel shall be entitled to present the Rule 3012 Order, in recordable form, to the County Clerk's office in order to cancel and discharge the aforementioned mortgage lien.**

5. All lease agreements are hereby assumed, unless specifically rejected as follows: _____

6. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2(c), <u>less than one hundred percent (100%),</u> the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

7. Title to the debtor(s) property shall revest to the debtor(s) upon completion of the plan or dismissal of the case, <u>unless otherwise provided in the Order confirming the plan.</u> Throughout the term of this plan, the debtor(s) will not incur post-petition debt over $2,000.00 without written consent of the Chapter 13 Trustee or the Court.

/s/ Guy Cregar

Debtor                                      Joint Debtor

/s/ Anthony Vasallo

Attorney for Debtor

Dated: 10/22/2015