UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In Re:

    Guy Scott Cregar

                       Debtor
------------------------------------------------------X

Case No. 1-15-44680-CEC

**2nd AMENDED
CHAPTER 13 PLAN**

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the trustee for a total of __60__ months, the sum of:

$__250.00__ per month commencing __November 14, 2015__ through and including __March 14, 2016__ for a period of __5__ months;

$__2,400.00__ per month commencing __April 14, 2016__ through and including __October 14, 2020__ for a period of __55__ months.;

2. From the payments so received, the trustee shall make disbursements as follows:

(a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507,

(b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

**Seterus, Inc.** (mortgage holder) to be paid pre-petition arrears in the sum of $__111,134.64__ plus __0__ % interest over the life of the plan.

**NYC Water Board** to be paid pre-petition arrears in the sum of $__2,584.35__ plus __9%__ interest over the life of the plan.

_____N/A_____. (vehicle loan) payments are current and will be paid outside the plan. No payments will be made to Candor Capital Corp. through the plan.

Real Estate Taxes are current pre-petition and will be paid outside of the plan.

(c) Subsequent and/or concurrently with distribution to secured, priority, and administrative creditors, dividends to unsecured creditors whose claims are duly allowed as follows: **PRO RATA distribution to all timely filed proofs of claim, including student loans, of not less than __100__ %(percent).**

3. The Debtor(s) shall make all post-petition payments, including but not limited to mortgage payments, vehicle payments, real estate taxes and income taxes, outside the plan.

### JUNIOR MORTGAGE LIENS TO BE AVOIDED

## N/A

4. Pursuant to 11 U.S.C. §502, 506(a), 506(d), 1322(b)(2), 1325(a) and 1328(f) the debtor intends to avoid a mortgage lien on the debtor's primary residence located at _____ _____ ("Property") held by _____ _____ Loan No (Last four digits)_____ Claim No. _____ filed on _____ in the amount of _____. The debtor(s) are eligible to receive a discharge in this case, and the debtor(s) filed an adversary proceeding seeking a judgment, under Bankruptcy Code §506(a) and §506(d), deeming the junior mortgage held by_____ _____ is not secured by the Property because the amount of the senior mortgage(s) exceed the value of the Property, and that the secured claim on the Property held by _____ _____ shall be treated as a general unsecured creditor and paid in accordance with the terms of paragraph (c) above.

Upon entry of the chapter 13 discharge, debtor(s) or debtor's counsel shall be entitled to present the Rule 3012 Order, in recordable form, to the County Clerk's office in order to cancel and discharge the aforementioned mortgage lien.

5. All lease agreements are hereby assumed, unless specifically rejected as follows:  N/A

_____ vehicle lease is assumed,  payments are current and will be paid outside the plan.  No payments will be made to _____ through the plan.

6. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2 (c) <u>less than one hundred percent (100%)</u>, the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period.  Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

7. Title to the debtor(s) property shall revest to the debtor(s) upon completion of the plan or dismissal of the case, <u>unless otherwise provided in the Order confirming the plan.</u>  Throughout the term of this plan, the debtor(s) will not incur post-petition debt over $2,000.00 without written

consent of the Chapter 13 Trustee or the Court, *provided however*, that no consent of the trustee or the Court shall be required to replace an existing vehicle lease where the monthly payment on the new debt is no more than $100.00 greater than the replaced lease, or to replace an existing loan in a 100% plan where the new monthly payment is no more than $100.00 greater than the replaced loan.


_____
Guy Scott Cregar, Debtor


Dated:


_____
By: Paul Hollender (PH5834)
Attorney for Debtor
Corash & Hollender, P.C.
1200 South Avenue, Suite 201
Staten Island, NY 10314
(718) 442-4424